Richard C. Dalton
RICHARD C. DALTON, L.L.C.
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
Email: rick@rickdaltonlaw.com
Tel.: (985) 778-2215
Fax: (985) 778-2233
**ATTORNEY FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION: LOS ANGELES**

| | |
|---|---|
| **DONALD ALBERIGI, ROBERT ALVARADO, KARINA ARABOLAZA, SAGRARIO BAECKER, PETER E. BIPPART, HOLLY BLAYLOCK, LARRY BLAYLOCK, GURJANT SINGH BRAR, DAVID BROOKWELL, ROYCE A. BROWN, JOHN BURKHARDT, GEORGE CAIRNEY, VICKI CAIRNEY, YANG LI CHEN, HENRY CHIU, RICHARD CLOMPUS, SALOMAN H. CORTES, CARMEL CRANE, KELLY DICHOSO, JEFFREY C. EATON, ANTONIO ELIZARRARAZ, JEFF ELLINGTON, HOLLIE ELLINGTON, HERBERT FISCHER, SEAN FISHER, DEBORAH M. FODOR, DEBRA GILLIS, RALPH W. GLADWIN, HUGH J. HARDMAN, KATHRYN M. HARTMAN, ROBERT E. HOLADAY (INDIVIDUALLY AND D/B/A HOLADAY FINANCIAL INSURANCE SERVICE), SCOTTY J. HUNZIKER, DAVID IMMETHUN, ZEMKA ISAKOVIC, RYAN JACKSON, JENNIFER JACKSON, NORMAN L. JENKINS, HARPREET SINGH JHATU, HARRY E. JOHNS AND MIRANDA JOHNS** | **CASE NO: _____**<br><br>COMPLAINT FOR RESTITUTION,<br>DAMAGES AND CIVIL PENALTY<br><br><br>**JURY TRIAL DEMANDED** |
| **Plaintiffs,** | |
| **VERSUS** | |
| **VOLKSWAGEN GROUP OF AMERICA, INC.** | |

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

## NATURE OF THE CASE

1.    This case arises because the defendant, VOLKSWAGEN GROUP OF AMERICA, INC. (hereinafter identified as "VOLKSWAGEN"), who is the manufacturer and/or distributor and/or warrantor of the Volkswagen and Audi vehicles identified herein did wilfully and intentionally mislead, deceive and defraud the plaintiffs with respect to the quality and performance of their Volkswagen and Audi 2.0 TDI diesel engine vehicles (hereinafter referred to as "CLEAN DIESEL VEHICLES", "subject vehicles" and/or "plaintiffs' vehicles").

2.    Since 2009, VOLKSWAGEN expressly marketed and advertised its "Clean Diesel" models as extraordinarily clean, EPA certified and compliant in all 50 states, fuel efficient and powerful.



COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

3.      At the time of purchase, VOLKSWAGEN represented to the plaintiffs that the subject vehicles were equipped with the "Clean Diesel" engine that would pass all state and federal emissions standards while at the same time obtaining exceptional mileage performance.

4.      However, unknown to the plaintiffs at the time they purchased their subject vehicle was that VOLKSWAGEN had installed a "defeat device" in their vehicle that allowed VOLKSWAGEN to evade United States Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB") emissions test procedures. Plaintiffs were not told that the subject vehicle was equipped with a "defeat device" that would cause the subject vehicle to only meet emissions standards when the subject vehicle was being tested and to operate in violation of Federal and State laws at all other times. Plaintiffs relied and were induced by the false representations, declarations and statements made by VOLKSWAGEN with regards to the subject vehicles at the time of purchase and the plaintiffs relied upon these false representations, declarations and statements to their detriment in purchasing their subject vehicles.

5.      VOLKSWAGEN secretly, deliberately, intentionally and illegally installed a defeat device in nearly 500,000 Volkswagen and Audi branded TDI 2.0 diesel engine vehicles that were sold to American consumers, including the subject vehicles that were sold to the plaintiffs that are identified herein.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

6.     A "defeat device" is any auxillary emission control device "that reduces the effectiveness of the emission control system under conditions which may reasonably expected to be encountered in normal subject vehicle operation and use. *40 C.F.R. § 86.1803-01.*

7.     Specifically, the defeat device installed in the plaintiffs' subject vehicles by VOLKSWAGEN produces regulation compliant results when it senses the plaintiffs' subject vehicles are undergoing testing, but operates a less effective emissions control system when the subject vehicle is driven under normal circumstances. This results in cars that meet emissions standards in the laboratory or state testing station, but during normal operation emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations. It was only by using the defeat device that VOLKSWAGEN was able to obtain Certificates of Conformity from EPA and Executive Orders from CARB for its TDI diesel engine subject vehicles, which included plaintiffs' vehicles.

8.     VOLKSWAGEN expressly marketed and advertised its "Clean Diesel" models, including plaintiffs' vehicles, as extraordinarily clean, EPA certified in all 50 states, fuel efficient and powerful. VOLKSWAGEN has charged a substantial premium for the "CLEAN DIESEL" vehicles that were purchased by the plaintiffs. These premiums were charged for all of CLEAN DIESEL vehicles in which VOLKSWAGEN installed its "defeat device", including the plaintiffs' vehicles. For example a 2015 VW Jetta's MSRP was $20,760 while the MSRP for

-4-

the TDI diesel version, with the installed defeat device of the same Jetta was $26,665.

9.    On September 3, 2013 VOLKSWAGEN admitted to EPA and CARB that it had installed "defeat devices" on its model years 2009 through 2015 and Audi 2.0 liter diesel engine vehicles, which included plaintiffs' vehicles.

10.    VOLKSWAGEN's fraud became public knowledge on September 18, 2015, when the EPA issued a Notice of Violation that alleged VOLKSWAGEN's use of the "defeat device" violated provision of the Clean Air Act, 42 U.S.C. § 7401, et seq. That same day, CARB sent VOLKSWAGEN a notification letter stating CARB had commenced an enforcement investigation concerning the "defeat device".

11.    VOLKSWAGEN has been ordered by the EPA to recall the CLEAN DIESEL vehicles, including the plaintiffs' vehicles, and repair them so that they comply with EPA emissions requirements at all times during normal operation. However, VOLKSWAGEN cannot make the plaintiffs' vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and fuel efficiency. As a result, even if Volkswagen is able to make the plaintiffs' vehicles EPA compliant, Plaintiffs will nonetheless suffer actual harm and damages because their vehicles will no longer perform as they did when purchased and as advertised in that the engine performance and fuel efficiency will be reduced.

12.     As a result of VOLKSWAGEN's unfair, deceptive, and/or fraudulent business practices, their reckless, wilful and wanton and intentional misconduct to mislead the plaintiffs, specifically VOLKSWAGEN's wilful and   intentional failure to disclose that under normal operating conditions that plaintiffs' vehicles are in violation of both Federal and State laws, the plaintiffs' have suffered actual damages.

13.     VOLKSWAGEN's fraud was contrived, approved and executed at their principal place of business by their executive officers.

14.     Had Plaintiffs known of the "defeat device" at the time they purchased or leased their Volkswagen CLEAN DIESEL vehicle, they would not have purchased or leased the subject vehicle. The plaintiffs' consent to the purchase of their subject vehicle was obtained through VOLKSWAGEN's fraud.

## PARTIES

15.     The plaintiffs vehicles identified herein are used by the plaintiffs for personal, family and household purposes.

16.     All of the plaintiffs identified herein have provided to the defendant notice as required by the California Consumer Legal Remedies Act ("CLRA") section 1782, as to those defects identified herein with plaintiff's vehicle. As of the date of this filing the defendant has failed to comply with the plaintiffs' request.

17.     All of the plaintiffs identified herein have executed valid opt out notices from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales*

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

*Practices and Products Liability Litigation*, No. 3:15-MD-2672 (Northern District of California) and are not members of that class.

18.    In accordance with Section 1780( c) all of the plaintiffs identified herein have executed an affidavit stating  facts showing that the action commenced in a county or judicial district as a proper place for the trial of the action. The affidavits are being filed concurrently with the filing of this complaint.

19.    The plaintiffs in this matter and the relevant information with regards to their CLEAN DIESEL vehicle are as follows:

**Donald Alberigi**, residing in Sonoma County, Occidental, California, purchased a 2009 Volkswagen Jetta TDI on or about January 5, 2013 bearing VIN# 3VWAL71K99M085352 for approximately $18,000 and on or about April 1, 2012, he purchased a 2009 Jetta TDI bearing VIN# 3VWAL71KX9M093685 for approximately $19,995.00. On August 5, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Donald Alberigi executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Donald Alberigi**'s affidavit as required by **Cal. Civ. Code §** 1780(c) is attached as Exhibit 1.

**Robert P. Alvarado**, residing in Los Angeles County, Los Angeles, California, purchased a 2012 Volkswagen Golf TDI on or about August 7, 2012 bearing VIN# WVWNM7AJ8CW256172, from Galphin Volkswagen in Los Angeles, CA.  The subject vehicle was sold on or about October 28, 2015.  On August 3, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Robert P. Alvarado executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Robert P. Alvarado**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 2.

**Karina Arabolaza**, residing in Los Angeles County, Los Angeles, California, purchased a 2010 Volkswagen Golf TDI on or about November 29, 2009 bearing VIN# WVWNM7AJ9AW154294 for approximately $33,203.00 from New Century Volkswagen in Glendale, CA.   On May 18, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.   Karina Arabolaza executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel"*

*Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Karina Arabolaza**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 3.

**Sagrario Baecker**, residing in Sacramento County, Gait, California, purchased a 2013 Volkswagen Jetta TDI on or about December 28, 2012 bearing VIN#3VW3L7AJ7DM389093 for approximately $21,707.00 from Roseville Volkswagen in Roseville, CA. On May 12, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Sagrario Baecker executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Sagrario Baecker**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 4.

**Peter E. Bippart**, residing in Butte County, Oroville, California, purchased a 2012 Audi A3, on or about July 20, 2012 bearing VIN#WAUKJBFM5CA158700 for approximately $43,929.00 from Niello Audi in Sacramento, CA. On May 12, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of

this filing the defendant has failed to comply with the plaintiff's request.  Peter E.

Bippart executed an opt-out notice from the Class in *Re: Volkswagen "Clean*

*Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-

md-2672 (Northern District of California). **Peter E. Bippart**'s affidavit as required

by **CAL. CIV. CODE** § 1780(c) is attached as Exhibit 5.

    **Holly M. Blaylock and Larry G. Blaylock**, residing in Yuba County,

Browns Valley, California, purchased a 2013 Jetta on or about October 22, 2013

bearing VIN# 3VWLL7AJ4DM353328 for approximately $25,056.00 from

Roseville Volkswagen in Roseville, CA.  On June 6, 2016, pursuant to California

Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the

defendant, Volkswagen Group of America, Inc., as to those defects identified

herein with plaintiff's subject vehicle. As of the date of this filing the defendant

has failed to comply with the plaintiff's request.   Holly and Larry Blaylock

executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel"*

*Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672

(Northern District of California). **Holly M. Blaylock**'s **and Larry G. Blaylock**'s

affidavits as required by **CAL. CIV. CODE** § 1780(c) are attached as Exhibit 6, *in*

*globo*.

    **Gurjant Singh Brar**, residing in Kern County, Bakersfield, California,

purchased a 2013 Passat on or about June 2, 2013 bearing VIN#

1VWCN7A37DC098493 for approximately $36,697.00 from Parkway

-10-

Volkswagen in Valencia, CA.  On May 18, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Gurjant Singh Brar executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Gurjant Singh Brar**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 7.

**David Brookwell**, residing in Los Angeles County, Redondo Beach, California, purchased a 2013 Audi A3 TDI on or about November 20, 2012 bearing VIN# WAUKJAFM6DA022183 for approximately $36,780.00 from Audi Pacific in Torrance, CA.  On or about November 25, 2014, this subject vehicle was sold or traded.   On May 18, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  David Brookwell executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California).

**David Brookwell**'s affidavit as required by **CAL. CIV. CODE** § 1780(c) is attached as Exhibit 8.

**Royce A. Brown**, residing in Los Angeles County, Lancaster, California, purchased a 2009 Jetta TDI on or about May 29, 2009 bearing VIN# 3VWRL71K79M064082 for approximately $25,443.00 from Desert Volkswagen in Las Vegas, Nevada. On May 12, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Royce A. Brown executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Royce A. Brown**'s affidavit as required by **CAL. CIV. CODE** § 1780(c) is attached as Exhibit 9.

**John Burkhardt**, residing in San Diego County, San Diego, California, purchased a 2013 Golf on or about March 17, 2015 bearing VIN# WVWDM7AJ8DW123795. On March 17, 2015, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. John Burkhardt executed an opt-out notice

from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **John Burkhardt**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 10.

**George Cairney and Vicki Cairney**, residing in Los Angeles County, Covina, California, purchased a 2013 Passat on or about July 4, 2013 bearing VIN# 1VWCN7A34DC140411 for approximately $31,995.00 from Cardinaleway Volkswagen in Corona, CA. On June 23, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. George and Vicki Cairney executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **George Cairney**'s **and Vicki Cairney**'s affidavits as required by CAL. CIV. CODE § 1780(c) are attached as Exhibit 11, *in globo*.

**Yang Li Chen**, residing in Los Angeles County, Rowland Heights, California, purchased a 2013 Passat TDI SE on or about July 20, 2015 bearing VIN# 1VWBN7A30DC053357 for approximately $29,497.00 from Puente Hills Volkswagen in City of Industry, CA. On May 12, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the

defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Yang Li Chen executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Yang Li Chen**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 12.

**Henry Chiu**, residing in San Mateo County, Daly City, California, purchased a 2011 Golf TDI on or about July 11, 2011 bearing VIN# WVWNM7AJ9BW316443 for approximately $28,346.00 from Serramonte Volkswagen in Colma, CA. On or about September 7, 2013, this subject vehicle was sold or traded. On May 31, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Henry Chiu executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Henry Chiu**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 13.

**Richard Clompus**, residing in Homboldt County, Trinidad, California, purchased a 2010 Audi A3 TDI on or about April 7, 2011 bearing VIN# WAUKJAFM6BA135046 for approximately $35,275.00 from Audi of Jacksonville in Jacksonville, FL.  On August 29, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Richard Clompus executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Richard Clompus**' affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 14.

**Saloman Haroldo Cortes**, residing in Riverside County, Riverside, California, purchased a 2010 Jetta TDI on or about January 17, 2013 bearing VIN# 3VWPL8AJ1AM686217 for approximately $32,101.00 from Riverside Metro Auto Group in Riverside, CA.   On August 29, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Saloman Haroldo Cortes executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing,*

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

*Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Saloman Haroldo Cortes**' affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 15.

**Carmel Crane**, residing in San Francisco County, San Francisco, California, purchased a 2009 Jetta TDI in June 2011 bearing VIN# 3VWRL71K89M135838. On August 29, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Carmel Crane executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Carmel Crane**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 16.

**Kelly F. Dichoso**, residing in Alameda County, Alameda, California, purchased a 2010 Jetta on or about December 23, 2010 bearing VIN# 3VWAL7AJ0AM170138 for approximately $26,735.00 from Capital Volkswagen in San Jose, CA. On August 15, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to

comply with the plaintiff's request. Kelly F. Dichoso executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Kelly F. Dichoso**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 17.

**Jeffrey C. Eaton**, residing in Riverside County, Norco, California, purchased a 2012 Jetta TDI on or about November 19, 2011 bearing VIN# 3VWLL7AJ6CM317431 for approximately $31,529.00 from Ontario Volkswagen in Ontario, CA.   On May 18, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Jeffrey C. Eaton executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Jeffrey C. Eaton**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 18.

**Antonio Elizarraraz**, residing in San Diego County, Chula Vista, California, purchased a 2014 Passat in October 2013 bearing VIN# 1VWCN7A36EC007814 for approximately $38,438.00 from City Volkswagen in San Diego, CA.   On May 18, 2016, pursuant to California Consumer Legal

Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Antonio Elizarraraz executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Antonio Elizarraraz**'s affidavit as required by **CAL. CIV. CODE** § 1780(c) is attached as Exhibit 19.

 **Jeff Ellington and Hollie Ellington**, residing in Kern County, Bakersfield, California, purchased a 2012 Jetta on May 27, 2015 bearing VIN# 3VWLL7AJ1CM390030 for approximately $24,085.00 from Family Volkswagen in Bakersfield, CA.  On June 16, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Jeff and Hollie Ellington executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Jeff Ellington's and Hollie Ellington**'s affidavits as required by **CAL. CIV. CODE** § 1780(c) are attached as Exhibit 20, *in globo*.

**Herbert Fischer**, residing in Madera County, Madera, California, purchased a 2012 Passat on July 8, 2012 bearing VIN# 1VWBN7A35CC096560 for approximately $31,526.00 from R. L. Niello Co., Inc. in Ventura, CA.  On July 27, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Herbert Fischer executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Herbert Fischer** affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 21.

**Sean Fisher**, residing in Santa Barbara County, Santa Barbara, California, purchased a 2010 Jetta Sportwagon in March 2010 bearing VIN# 3VWPL7AJ5AM658477 for approximately $29,000.00 from Barber Volkswagen in Ventura, CA.  On May 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Sean Fisher executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California).

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

**Sean Fisher** affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 22.

**Deborah M. Fodor**, residing in Riverside County, Temecula, California, purchased a 2013 Passat on July 13, 2013 bearing VIN# 1VWCN7A35DC151711 for approximately $36,222.00 from Mossy Volkswagen Escondido in Escondido, CA. On August 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Deborah M. Fodor executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Deborah M. Fodor**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 23.

**Debra Gillis**, residing in Los Angeles County, Palmdale, California, purchased a 2014 Passat on September 18, 2013 bearing VIN#1VWCN7A30EC017724    for approximately $38,095.00 from Antelope Valley Volkswagen in Palmdale, CA. On May 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant

-20-

has failed to comply with the plaintiff's request. Debra Gillis executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Debra Gillis'** affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 24.

**Ralph W. Gladwin**, residing in Merced County, Merced, California, purchased a 2013 Jetta Sportwagen on April 18, 2013 bearing VIN# 3VWPL7AJXDM647060 for approximately $35,271.00 from Merced Volkswagen Kia Hyundai in Merced, CA.  On May 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Ralph W. Gladwin executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Ralph W. Gladwin**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 25.

**Hugh J. Hardman**, residing in Los Angeles County, Los Angeles, California, purchased a 2012 Jetta Sportwagen on March 01, 2012 bearing VIN# 3VWPL7AJ7CM661349 for approximately $31,703.00 from Neftin Volkswagen in Thousand Oaks, CA.  On May 19, 2016, pursuant to California Consumer Legal

Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Hugh J. Hardman executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Hugh J. Hardman**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 26.

Kathryn M. Hartman, residing in San Diego County, Chula Vista, California, purchased a 2013 Jetta TDI on September 3, 2012 bearing VIN# 3VWLL7AJ2DM205324 for approximately $30,815.00 from South Bay Volkswagen in National City, CA.   On May 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Kathryn M. Hartman executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). affidavit as required by CAL. CIV. CODE § 1780(c) **Kathryn M. Hartman**'s is attached as Exhibit 27.

**Robert E. Holaday**, residing in San Diego County, LaMesa, California, leased a 2015 Passat on September 4, 2015 bearing VIN# 1VWCV7A36FC065553 for approximately $35,218.00 from Mossy Volkswagen El Cajon in El Cajon, CA. On August 29, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request. Robert E. Holaday executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Robert E. Holaday**'s affidavit as required by CAL. CIV. CODE § 1780(c) is attached as Exhibit 28.

**Robert E. Holaday d/b/a Holaday Financial Insurance**, doing business in San Diego County, LaMesa, California, purchased a 2012 Audi A3 on March 31, 2012 bearing VIN# WAUKJAFM2CA114373 for approximately $38,105.00 from Audi Mission Viejo in Mission Viejo, CA.   On August 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.   Robert E. Holaday d/b/a Holaday Financial Insurance executed an opt-out notice from the Class in *Re:*

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

*Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Robert E. Holaday d/b/a Holaday Financial Insurance**'s affidavit as required by **CAL. CIV. CODE §** 1780(c) is attached as Exhibit 28.

   **Scotty J. Hunziker**, residing in San Diego County, Ramona, California, purchased a 2015 Passat on April 30, 2015 bearing VIN# 1VWCV7A31FC070711. On August 29, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.   Scotty J. Hunziker executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Scotty J. Hunziker** affidavit as required by **(CAL. CIV. CODE §** 1780(c) is attached as Exhibit 29.

   **David Immethun**, residing in Santa Clara County, San Jose, California, purchased a 2011 Jetta TDI on September 6, 2011 bearing VIN# 3VWPL7AJ7BM710161 for approximately $27,967.00 from Capitol Volkswagen in San Jose, CA.   On May 20, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  David Immethun executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **David Immethun**'s affidavit as required by **(CAL. CIV. CODE §** 1780(c) is attached as Exhibit 30.

**Zemka Isakovic**, residing in Alameda County, Oakland, California, purchased a 2010 Jetta TDI on October 5, 2013 bearing VIN#3VWRL8AJ5AM022110 for approximately $17,500.00 from Volkswagen of Oakland in Oakland, CA.  On August 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Zemka Isakovic executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Zemka Isakovic**'s affidavit as required by **(CAL. CIV. CODE §** 1780(c) is attached as Exhibit 31.

**Ryan Jackson and Jennifer Jackson**, residing in Ventura County, Simi Valley, California, purchased a 2011 Jetta Sportwagen on July 15, 2011 bearing VIN# 3VWPL7AJ6BM697998, from Volkswagen Santa Monica in Santa Monica,

CA.  On August 15, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Ryan and Jennifer Jackson executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Ryan Jackson's and Jennifer Jackson**'s affidavits as required by (**CAL. CIV. CODE** § 1780(c) are attached as Exhibit 32, *in globo*.

**Norman L. Jenkins**, residing in San Francisco County, San Francisco, California, purchased a 2011 Jetta Sportwagen on December 10, 2010 bearing VIN#3VWPL7AJXBM640283 for approximately $25,787.00 from Winn Volkswagen in Newark, CA.  On May 12, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Norman L. Jenkins executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Norman L. Jenkins**' affidavit as required by (**CAL. CIV. CODE** § 1780(c) is attached as Exhibit 33.

**Harpreet Singh Jhatu**, residing in Stanislaus County, Modesto, California, purchased a 2011 Jetta in March 2011 bearing VIN# 3VW3L7AJ9BM082618  for approximately $28,594.00 from Lasher Volkswagen/Elk Grove Volkswagen in Elk Grove, CA.  On May 27, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Harpreet Singh Jhatu executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District of California). **Harpreet Singh Jhatu**'s affidavit as required by **(CAL. CIV. CODE §** 1780(c) is attached as Exhibit 34.

**Harry E. Johns and Miranda Johns**, residing in Shasta County, Anderson, California, purchased a 2010 Jetta on March 18, 2010 bearing VIN# 3VWAL8AJ4AM023648. On August 19, 2016, pursuant to California Consumer Legal Remedies Act ("CLRA") section 1782, notice was issued to the defendant, Volkswagen Group of America, Inc., as to those defects identified herein with plaintiff's subject vehicle. As of the date of this filing the defendant has failed to comply with the plaintiff's request.  Harry and Miranda Johns executed an opt-out notice from the Class in *Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, No. 3:15-md-2672 (Northern District

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

of California). **Harry E. Johns' and Miranda Johns**' affidavits as required by **Cal. Civ. Code** § 1780(c) are attached as Exhibit 35, *in globo*.

20.    Defendant **VOLKSWAGEN GROUP OF AMERICA, INC.** (hereinafter "VOLKSWAGEN") is the manufacturer and/or distributor and/or warrantor for the subject vehicles purchased by the plaintiffs identified herein. VOLKSWAGEN is a New Jersey corporation with its headquarters and principal place of business in Herndon, Virginia which is authorized to do business in the State of California with their U.S. Western Regional Office located n Woodland Hills, California which is located within Los Angeles County and within the Western Division of the Central District of California.

## JURISDICTION AND VENUE

21.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1331,  1332(1) and 1367.

22.    This Court has personal jurisdiction over VOLKSWAGEN because VOLKSWAGEN is registered to conduct business in California; has sufficient minimum contacts in California; has its Western Regional Office located in Woodland Hills, California, and intentionally avails itself to the jurisdiction of California by virtue of their extensive business dealings and transactions within this state.

23.    Venue is proper in this County pursuant to Title 29 of the United States Code, Chapter 18 Section 1132 and Code of Civil Procedure Sections 395

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

and 395.5 as this is a court of competent jurisdiction, and Defendant Volkswagen's

U.S. Western Regional Office is in Woodland Hills, California, Los Angeles

County within the Central District of California.

## TOLLING OF THE STATUTE OF LIMITATIONS

24.    Until the EPA announced the findings of its "Notice of Violation" on

September 18, 2015, the plaintiffs had no way of knowing about Volkswagen's

concealment of their purposeful and intentional fraudulent and deceptive

manufacturing practices regarding the installation and use of the defeat device.

Thus, within the time period of any applicable statute of limitations, plaintiffs

could not have discovered through the exercise of reasonable diligence that

Volkswagen was concealing the conduct complained of herein and misrepresenting

the Company's true position with respect to the use and installation of the defeat

devices and the emission qualities of their subject vehicles.

25.    The plaintiffs did not discover and did not know of facts that would

have caused a reasonable person to suspect, that Volkswagen did not report

information within its knowledge to federal and state authorities, its dealerships, or

consumers; nor would a reasonable and diligent investigation have disclosed that

Volkswagen had information in its possession about the existence of its

sophisticated emissions schemes and that it opted to conceal that information,

which was discovered by Plaintiffs only after EPA issued its Notice of Violations.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

26.    For these reasons, all applicable statute of limitations have been tolled by operation of the discovery rule with respect to claims as to all subject vehicles identified herein.

27.    All applicable statutes of limitations have also been tolled by Volkswagen's knowing and active fraudulent concealment and denial of the facts alleged throughout the time period relevant to this action.

28.    Volkswagen was under a continuous duty to disclose to the plaintiffs the true character and quality of their subject vehicles, including their emissions systems and that said systems were in compliance with both federal and state law.

29.    Volkswagen knowingly, affirmatively, and actively concealed the true nature, quality and character of the subject vehicles including the quality and character of their emissions systems.

30.    Volkswagen was also under a continuous duty to disclose to the plaintiffs that it had engaged in the emissions fraud scheme complained of herein to evade federal and state law emissions standards.

31.    Based on the foregoing, Volkswagen is estopped from relying on any statutes of limitations in defense of its actions.

## FIRST CAUSE OF ACTION
### (Complaint for violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1790 *et seq.*, as against all defendants)

32.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33.     The subject vehicles are "consumer goods" as defined under the Song-Beverly Consumer Warranty Act.

34.     Plaintiffs are "purchasers" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

35.     Defendant VOLKSWAGEN is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

36.     The sale of the subject vehicles to Plaintiffs was accompanied by an express written warranty.

37.     The subject vehicles would not pass without objection in the automotive trade because the subject subject vehicles do not conform in material respects with federal and California emissions standards, were sold with an illegal defeat device, as described above, and emit pollutants such as NOx by a factor of 10 to 40 times above the EPA compliant levels.

38.     The subject vehicles are not adequately labeled because the labeling misrepresents that the subject vehicles are compliant with federal and California emissions standards or fails to disclose such noncompliance.

39.     Defendant's conduct deprived Plaintiffs of the benefit of their bargain and have caused the subject vehicles to be worth less than what Plaintiffs paid.

40.     Further, the sale of the subject vehicles to Plaintiffs was accompanied by implied warranties that the subject vehicles were merchantable and fit for a particular use.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

41. VOLKSWAGEN has breached the implied warranties of merchantability and fitness for a particular use because the subject vehicles when sold would not pass without objection in the trade.

42. Plaintiffs have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

43. Because Defendant failed to remedy the defects as alleged above, or to issue a refund or replacement, VOLKSWAGEN is in breach of their obligations under the Song-Beverly Consumer Warranty Act.

44. Defendant's continuing breach of their obligations as set forth herein is willful and as such, VOLKSWAGEN is liable to Plaintiffs for civil penalties in an amount as set forth below.

45. Under CAL. CIV. CODE §§ 1791.1(d) & 1794, Plaintiffs are entitled to damages and other legal and equitable relief including, at their election, the purchase price of the Subject vehicles, or the overpayment or diminution in value of the Subject vehicles, and also seek and are entitled to their attorney fees and costs.

## SECOND CAUSE OF ACTION
### Violations of the Magnuson-Moss Warranty Act

46. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

-32-

47.   Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

48.   VOLKSWAGEN is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

49.   VOLKSWAGEN is a "supplier" as defined in the Warranty Act, 15 U.S.C. § 2301(4).

50.   The subject vehicles are "consumer products" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

51.   The express warranty pertaining to the subject vehicle is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

52.   The actions of Defendant, in failing to disclose to Plaintiffs the illegal nature of the subject vehicles' emissions and Defendant's misrepresentations concerning the subject vehicles' Clean Diesel engines constitute a breach of the written and implied warranties covering the subject vehicles and hence, a violation of the Magnuson-Moss Warranty Act.

53.   Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

54.   As a direct and proximate result of the acts and omissions of Defendant as set forth herein above, each of the above named Plaintiffs have been

damaged herein above in an amount in excess of $50,000.00.

## THIRD CAUSE OF ACTION
## FRAUD

55.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

56.    VOLKSWAGEN intentionally misrepresented the quality of their CLEAN DIESEL vehicles to the plaintiffs. Specifically, VOLKSWAGEN represented to each plaintiff that the subject vehicle that they were selling to the plaintiffs complied with all Federal and State emission requirements. Further VOLKSWAGEN represented to the plaintiffs that the Volkswagen subject vehicle they were selling to the plaintiff would comply with all Federal and California emission regulations and environmental friendly without sacrificing fuel efficiency or performance.

57.    VOLKSWAGEN marketed, advertised and solicited the plaintiffs to buy their subject vehicles by making claims they knew to be fraudulent. Specifically, VOLKSWAGEN knew that the subject vehicles they were selling to the plaintiffs possessed an illegal "defeat device" that VOLKSWAGEN installed and/or was installed per their instruction and that without the illegal "defeat device" the subject vehicle could not pass the Federal or State emission

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

regulations.

58.    VOLKSWAGEN intended to defraud the plaintiff so that they could sell their subject vehicles to the plaintiffs who placed a value on purchasing a subject vehicle that was environmentally friendly, compliant with all Federal and State regulations without sacrificing fuel efficiency or engine performance. In fact the defendant used said fraudulent representations to justify a  price for subject vehicle that was significantly higher than the gasoline version of the same subject vehicle.

59.    The plaintiffs identified herein justifiably relied upon and were induced by the fraudulent representations made by VOLKSWAGEN into purchasing their subject vehicles. In fact the subject vehicle emission control information sticker placed on each of the plaintiffs' vehicles by VOLKSWAGEN represented to each plaintiff that their subject vehicle was compliant with both U.S. EPA requirements and California requirements.

60.    The plaintiffs were damaged as a result of the false representations, concealment and nondisclosure of VOLKSWAGEN. Specifically, the plaintiffs paid a premium price to purchase subject vehicles that are illegal. Plaitiffs' vehicles are non-compliant with Federal and/or State laws regarding emissions. In fact rather than being environmentally friendly the subject vehicles are pollutant producing and global warming offenders that are on the roads in violation of the law.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

61.    Upon information and belief the plaintiffs' vehicles cannot be repaired so as to comply with Federal and State emission laws and in the event such repair was available it would result in a loss of fuel efficiency and engine performance which were both significant factors used by the plaintiffs in the selection of their subject vehicles.

62.    In light of the defect contained within the subject vehicle, the "emission scandal" and the uncertainty of VOLKSWAGEN to be able to repair any of plaintiffs subject vehicles, the subject vehicles do not have a resale or trade in value and any such value has been significantly diminished resulting in economic damages to the plaintiff.

63.    Because Defendant's conduct was intentional, wanton, deliberate, oppressive, malicious and in reckless disregard of Plaintiffs' consumer and contractual rights, Plaintiffs seek and are entitled to an award of punitive or exemplary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## FRAUD BY CONCEALMENT

64.    Since at least 2009, Defendant has intentionally concealed and suppressed the material fact that they had installed an illegal "defeat device" in the subject vehicles to either bypass or render inoperative elements of the Subject vehicles' design related to compliance with federal and California emission standards, and that their subject vehicles emit as much as 40 times the amount of

pollution allowed under federal and California law. In addition, Defendant intentionally concealed and suppressed the material fact that the subject vehicles, if brought in compliance with federal and California emissions standards, would exhibit diminished performance and fuel economy, as compared to the performance and fuel economy promised by Defendant through their advertising and marketing.

65.    Defendant had a duty to disclose these facts because they had exclusive knowledge of the material facts described above and such facts were not known or reasonably knowable by Plaintiffs; because Defendant actively concealed these material facts from Plaintiffs; and because Defendant made fraudulent representations regarding the Subject vehicles' emissions and the Subject vehicles' compliance with federal and state law, while at the same time suppressing material facts regarding the Subject vehicles' emission of the pollutant nitrogen oxide.

66.    These facts which Defendant concealed were material because they suggested, falsely, that the subject vehicles are compliant with federal and state emissions requirements. In addition, these facts were material because whether the subject vehicles are so compliant, and whether they are "clean" diesel subject vehicles, directly impact the value of the subject vehicles purchased or leased by Plaintiffs.

67.    Defendant actively concealed or suppressed these material facts at least since 2009, in order to profit from the sale or lease of the subject vehicles and to defraud Plaintiffs.

68.    Plaintiffs had no knowledge of, and had no reason to know, that Defendant had concealed or suppressed these material facts. In fact, such facts were exclusively known by Defendant. Plaintiffs would not have purchased the subject vehicles had Defendant not concealed or suppressed these material facts.

69.    Plaintiffs reasonably relied upon the fraudulent statements made by VOLKSWAGEN to their detriment. Specifically, plaintiffs purchased the subject vehicle because they believed the subject vehicle to be environmentally friendly, to comply with both Federal and State laws regarding emissions and to do so without sacrificing excellent fuel efficiency and engine performance. But for these factors the plaintiffs would not have purchased their "CLEAN DIESEL" Volkswagen vehicle.

70.    The plaintiffs were damaged as a result of the false representations, concealment and nondisclosure of VOLKSWAGEN. Specifically, the plaintiffs paid a premium price to purchase subject vehicles that are illegal. Subject vehicles that are non-compliant with Federal and/or State laws regarding emissions. In fact rather than being environmentally friendly the subject vehicles are pollutant producing and global warming offenders that are on the roads in violation of the law.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

71.    Upon information and belief the plaintiffs subject vehicles cannot be repaired so as to comply with Federal and State emission laws and in the event such repair was available it would result in a loss of fuel efficiency and engine performance which were both significant factors that induced the plaintiffs to purchase said subject vehicles.

72.    In light of the fact that the subject vehicle is in violation of the law, the "emission scandal" and the uncertainty of VOLKSWAGEN to be able to repair any of plaintiffs subject vehicles, the subject vehicles do not have a resale or trade in value and any such value has been significantly diminished resulting in economic damages to the plaintiff.

73.    Because Defendant's conduct was wanton, deliberate, oppressive and malicious, or in reckless disregard of Plaintiffs' consumer and contractual rights, Plaintiffs seek and are entitled to an award of punitive or exemplary damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Violation of the Unfair Competition Law
### (CAL. BUS. & PROF. CODE § 17200)

74.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

75.    Defendant's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof . Code §§ 17200 *et seq*.

-39-

76. Defendant's acts and practices constitute unlawful business practices, as they violate section 203(a)(3)(B) of the Clean Air Act (CAA), 42 U.S.C. § 7522(a)(3)(B) and its implementing regulations; section 203(a)(l ) of the CAA, 42 U.S .C. § 7522(a)( l ) and its implementing regulations; the federal Magnuson-Moss Warranty Act; California's Consumers Legal Remedies Act; California's Song-Beverly Consumer Warranty Act; California law governing subject vehicle emissions; and breach Defendant Volkswagen's warranties.

77. Defendant's acts and practices constitute unfair practices in that (I) they are unethical, unscrupulous, and substantially injurious to consumers; (ii) any claimed utility of Defendant's conduct is outweighed by the harm to consumers; (iii) the injury is not one that consumers reasonably could have avoided; and/or (iv) the conduct runs afoul of the policies underlying the federal Clean Air Act, its implementing regulations, and California emissions standards, which seek to minimize harmful emissions and provide consumers with accurate information about the pollutant levels emitted by subject vehicles placed in the stream of commerce.

78. Defendant's acts and practices constitute fraudulent practices in that they are likely to deceive a reasonable consumer, who would not have purchased the subject vehicles, or would have paid substantially less for the subject vehicles, had Volkswagen adequately disclosed that the subject vehicles failed to comply with federal and California emissions standards.

-40-

79.     As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiffs have suffered injury in fact and lost money or property, in that they bought or leased subject vehicles they otherwise would not have bought, overpaid for the subject vehicles, did not receive the benefit of their bargain, and the subject vehicles suffered a diminution in value. In addition, Plaintiffs will incur additional fuel costs, and a diminution in the performance of their respective subject vehicles, if and when the subject vehicles are altered in order to bring them into compliance with federal and state emissions standards. Meanwhile, Defendant has sold or leased more subject vehicles than they otherwise could have and charged inflated prices for the subject vehicles, thereby unjustly enriching themselves.

80.     Plaintiffs seek and are entitled to equitable relief, including restitutionary disgorgement of all profits accruing to Defendant because of their unfair and deceptive practices and such other orders as may be necessary to prevent the future use of these practices.

## SIXTH CAUSE OF ACTION
### Violation of False Advertising Law
### (CAL. BUS. & PROF. CODE § 17500, *et seq.*)

81.     Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

82.     California's False Advertising Law prohibits any "unfair, deceptive, untrue, or misleading advertising." CAL. BUS. & PROF. CODE § 17500. This

prohibition extends to advertising which is false, and also to advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.

83.     Through advertising, marketing, and other publications described at length above, Defendant disseminated, or caused to be disseminated to Plaintiffs, statements regarding the subject vehicles that were false and/or misleading, including that the subject vehicles are "Clean Diesel" subject vehicles when, in fact, they did not meet federal or California emissions standards.

84.     Defendant's misrepresentations and omissions regarding the subject vehicles' emissions compliance, their performance, and their fuel efficiency were material and likely to deceive reasonable consumers such as Plaintiffs.

85.     Defendant Volkswagen knew or should have known these statements were false and misleading and would deceive consumers, including Plaintiffs.

86.     Plaintiffs have suffered injury-in-fact, including the loss of money and property, as a result of Defendant's misrepresentations and omissions, which are unfair, deceptive, untrue, or misleading in violation of the False Advertising Law. Plaintiffs would not have purchased or leased the subject vehicles had they known of the deceptive nature of Defendant's misrepresentations and omissions, or they would have paid less for the subject vehicles. Also, Plaintiffs will incur additional fuel costs, and a diminution in the performance of their respective subject vehicles,

if and when their subject vehicles are altered in order to bring them into compliance with federal and state emissions standards.

87.    Plaintiffs are entitled to equitable relief, including restitutionary disgorgement of all profits accruing to Defendant because of their deceptive practices and an order requiring Defendant Volkswagen to adequately disclose and repair the defect.

### SEVENTH CAUSE OF ACTION
### Violation of the Consumer Legal Remedies Act
### (CAL. CIV. CODE § 1750, *et seq.*)

88.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

89.    Defendant violated the Consumers Legal Remedies Act (CLRA), California Civil Code §§ 1770(a)(2), (3), (5), (7), (9), and (16), by engaging in unfair methods of competition and unfair and deceptive acts and practices in connection with transactions—namely, the sale of the subject vehicles to Plaintiffs that were intended to, and did, result in the sale and lease of goods to consumers. In connection with the sale or lease of the subject vehicles to Plaintiffs, Defendant concealed and failed to disclose that the subject vehicles did and do not meet federal and state emissions standards and that they achieve their performance and fuel efficiency as a result of an illegal defeat device. These facts are material to a reasonable consumer in that they negatively affect the subject vehicles' environmental emissions and market value. If and when the subject vehicles are

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

altered to bring them into compliance with federal and state emissions standards, Plaintiffs will incur additional fuel costs, and a diminution in the performance of their respective subject vehicles. Defendant had a duty to disclose these facts to Plaintiffs because they had exclusive knowledge of those facts, which were not known or reasonably knowable by Plaintiffs; because Defendant actively concealed these material facts from Plaintiffs; and because Defendant made fraudulent representations regarding the subject vehicles' emissions and the subject vehicles' compliance with federal and state emissions law, while at the same time suppressing material facts regarding the Subject vehicles' emissions.

90.    As a direct and proximate result of Defendant's conduct, Plaintiffs have been harmed. Plaintiffs bought or leased the Subject vehicles they otherwise would not have, overpaid for the subject vehicles, did not receive the benefit of the bargain, and the subject vehicles suffered a diminution in value. Meanwhile, Defendant has sold more subject vehicles than they otherwise could have and charged inflated prices for the subject vehicles, thereby unjustly enriching themselves.

91.    Plaintiffs seek and are entitled to equitable relief including actual damages not less than $1,000, restitution of property, punitive damages and any other relief that the court deems proper.

92.    In addition to the remedies specified CLRA, any plaintiff who is a senior citizen as defined by subdivision (f) and (g) of Section 1761, as part of an

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

action under subdivision (a), seeks damages up to $5,000, in addition to the remedies specified therein.

93. Further, the plaintiffs seek and are entitled to attorney's fees pursuant to Section 1780.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general, special and actual damages according to proof at trial:

2. For rescission of the purchase contract and restitution of all monies expended;

3. For all civil penalties allowed by law to include but not limited to treble damages and/or punitive damages according to proof at trial;

4. For incidental and consequential damages according to proof at trial;

5. For prejudgment interest at the legal rate;

6. For attorney's fees and costs of suit; and

7. For such other and further relief as this Court deems just and proper.

Dated: February 21, 2017.

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY

RESPECTFULLY SUBMITTED:

/s/ Richard C. Dalton

By: _____

Richard C. Dalton
RICHARD C. DALTON, L.L.C.
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana  70471
Email: rick@rickdaltonlaw.com
Tel.:  (985) 778-2215
Fax:  (985) 778-2233
**ATTORNEY FOR PLAINTIFFS**

COMPLAINT FOR RESTITUTION, DAMAGES AND CIVIL PENALTY